# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JACK C. HOLMAN,

    Petitioner,

v.                                     CASE NO: 8:09-cv-2041-T-30TBM

STATE OF FLORIDA, et al.,

    Respondents.
_____/

## ORDER

Petitioner, Jack C. Holman (hereinafter "Petitioner" or "Holman") an inmate in the Florida penal system proceeding pro se, brings this petition for Writ of Habeas Corpus (hereinafter "petition") under 28 U.S.C. §2254 (Dkt. 1). The Court has considered the petition, Respondent's response (Dkt. 9), and Petitioner's reply (Dkt. 15). Upon review, the Court determines that the petition must be dismissed as procedurally barred.

## BACKGROUND

Petitioner challenges his state conviction for attempted sexual battery rendered in the 13th Judicial Circuit in Hillsborough County, Florida, in state circuit case number 02-CF-013196. On September 5, 2002, Holman was charged by Information with one count of Attempted Sexual Battery, slight force (count one) and one count of Obstructing or Opposing an Officer Without Violence, a misdemeanor (count two). (Dkt. 13, Ex. 1 at 1.) On September 9, 2002, the State filed a superseding Information amending count one to charge

Sexual Battery, slight force. (Dkt. 9 at 2.)

Two months after the alleged crime, Holman filed a pro se motion for speedy trial. Id. Over the objections of his counsel, Petitioner insisted on a speedy trial and waived his right to discovery. Id. After the court dismissed count two, the jury found Holman guilty on count one of the lesser included offense of Attempted Sexual Battery. (Dkt. 9 at 2.) On March 26, 2003, the court sentenced Petitioner as a Habitual Violent Felony Offender and Prison Releasee Reoffender to ten years imprisonment. (Dkt. 9 at 2-3.)

Petitioner pursued a direct appeal (number 2D03-2044 before the Second District Court of Appeal of Florida), raising two issues:

### Issue One

> Did the trial court err in failing to conduct a competency hearing when defense counsel raised a bona fide doubt as to the defendant's competency?

### Issue Two

> Did the trial court err in allowing the State to present telephone conversations that were not relevant to the charges against Mr. Holman and that the State failed to lay a proper foundation for their admission?

The Second District Court of Appeal filed a per curiam silent opinion affirming Petitioner's conviction and sentence on December 19, 2003 (Dkt. 13, Ex. 4) and issued the mandate on January 28, 2004 (Dkt. 13, Ex. 5).

On September 16, 2004, Petitioner, proceeding pro se, filed a Fla. R. Crim. P. 3.850 motion for post-conviction relief. (Dkt. 13, Ex. 6.) Petitioner filed two other motions for post-

conviction relief within the two-year time limitation but before the trial court had ruled on the original 3.850 motion. (Dkt. 13, Ex. 7, 8.) The post-conviction court applied McAbee v. State, 873 So. 2d 545, 545-46 (Fla. 2d DCA 2004), construing the subsequent Rule 3.850 motions as successive motions presenting additional grounds for relief. (Dkt. 13, Ex. 9 at 7-9.)

In total, Petitioner presented eleven grounds to the post-conviction court for consideration:

1. Ineffective assistance of counsel due to counsel arguing with Defendant as to whether to file a motion for demand for speedy trial, and for not expecting to prevail from the beginning;

2. trial court erred in allowing the State to present evidence of two telephone calls;

3. the victim gave four different conflicting statements;

4. Insufficient evidence and failure of victim to have sexual battery exam completed;

5. insufficient evidence and failure to present and conduct a DNA test on the evidence;

6. the trial court erred in failing to conduct a competency hearing;

7. the trial court erred in sufficiently proving and/or presenting evidence;

8. ineffective assistance of counsel due to counsel's failure to object to inconsistent statements from both the victim and witness;

9. inconsistent statements made by the victim;

10. inconsistent statements made by the witness, Mr. Flores; and

11. the state improperly introduced two telephone conversations which were irrelevant to the elements of the crime for which Defendant was charged.

(Dkt. 9 at 3-5.)

The post-conviction court considered each ground for relief. (Dkt. 13, Ex. 9.) Grounds 1-7 and 9-11 were summarily denied. In Ground One, Petitioner claims he argued with his counsel about filing a motion for speedy trial. Since Petitioner filed such a motion pro se, he obviously was not prejudiced. And, this ground has not been raised here. The other grounds (2-7 and 9-11) were summarily denied because they should have been raised on direct appeal. Despite the fact that the post-conviction court "denied" the claims rather than dismissing them, the plain language of the order makes clear that the decision rested on a procedural bar. (Dkt. 13, Ex. 9 at 6-7, 10-11.) The court separated ground 8 into parts and ordered the State to respond to 8(a), ineffectiveness of counsel for failure to object to or question the victim about inconsistent statements, and 8(b), ineffectiveness of counsel for failure to object to or question the State's witness about inconsistent statements. (Dkt. 13, Ex. 9 at 9.)

The State filed its response on July 19, 2006 (Dkt. 13, Ex. 10) and, on September 22, 2006, the court granted an evidentiary hearing on grounds 8(a) and 8(b) (Dkt. 13, Ex. 11). Prior to the evidentiary hearing, Petitioner filed a second amended motion for post-conviction relief in which he alleged the discovery of new, exculpatory evidence as an additional ground for relief. (Dkt. 13, Ex. 12; Dkt. 9 at 5.) The court granted a hearing on the newly discovered

evidence claim. (Dkt. 13, Ex. 13.)

On August 21, 2007, the post-conviction court held the evidentiary hearing. (Dkt. 13, Ex. 14.) On June 18, 2008, the court issued its final order denying grounds 8(a) and 8(b) of the motion for post-conviction relief and also denying the claim of newly discovered evidence. (Dkt. 13, Ex. 16.)

Petitioner appealed the rulings, filing an initial brief on August 7, 2008 (Dkt. 13, Ex. 17) and an amended initial brief on August 20, 2008 (Dkt. 13, Ex. 18). The Second District Court of Appeal considered the Petitioner's briefs, the State's answer (Dkt. 13, Ex. 19), and Petitioner's reply brief (Dkt. 13, Ex. 20). On May 15, 2009, the Second District Court of Appeal filed a per curiam unwritten opinion affirming the denial of the motions for post-conviction relief. (Dkt. 13, Ex. 21; Holman v. State, 8 So. 3d 1140 (Fla. 2d DCA 2009).) The mandate issued on June 10, 2009. (Dkt. 13, Ex. 22.)

On September 5, 2009, Petitioner submitted the instant petition for relief under 28 U.S.C. § 2254. (Dkt. 1.) In it he asserts two grounds for relief:

### Ground One

The victim gave four inconsistent statements.

### Ground Two

There was insufficient evidence to support the conviction for attempted sexual battery.

The government concedes that the instant petition, submitted to the prison officials for mailing on September 5, 2009 (Dkt. 1), is timely filed. (Dkt. 9 at 8.) See Houston v. Lack,

487 U.S. 266, 276 (1988) (concluding that a court document is filed at the time a pro se petitioner delivers it to the prison authorities).

### PROCEDURAL DEFAULT DOCTRINE PRECLUDES FEDERAL REVIEW OF THE STATE COURT RULINGS

The Eleventh Circuit precedent is clear that a "collateral review is not a substitute for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Moreover, the same court noted that "a non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment." Id. (citing United States v. Frady, 456 U.S. 152, 165 (1982)). In the federal courts, procedural default is more than simply a rule of comity, rather "[t]he doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003).

In this case, Petitioner failed to seek relief in accordance with established state appellate procedures. The grounds for relief now submitted by the Petitioner were not cognizable in a Rule 3.850 motion and he did not raise them on direct appeal. (Dkt. 13, Ex. 9 at 6-9.) The post-conviction court denied those claims on procedural grounds. The post-conviction court's denial was appropriate because Rule 3.850(c) "does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." Fla. R. Crim. P. 3.850(c). See also Jackson v. State, 640 So. 2d 1173, 1174 (Fla. 2d DCA 1994) (noting that "it is well settled that insufficiency of the evidence cannot be raised under rule 3.850").

In Henderson v. Campbell, 353 F.3d 880 (11th Cir. 2003), the Eleventh Circuit considered an analogous circumstance when it reviewed the decision by a federal habeas court to dismiss as procedurally barred a state petitioner's claims which had been raised in Alabama Rule of Criminal Procedure 32 motions, but not on direct appeal. Ala. R. Crim. P. 32 is substantially similar to Fla. R. Crim. P. 3.850. In Henderson, the Eleventh Circuit reasoned that where a petitioner "failed to properly exhaust [his] claims in the state courts, and now is undeniably barred by firmly established and consistently applied state procedural rules from raising them, the claims are procedurally defaulted, and . . . review is precluded by this adequate and independent state ground." See also Johnson v. Alabama, 256 F.3d 1156 (11th Cir. 2001) ("Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar.").

In the instant federal habeas petition, Holman simply restates the substance of the claims that the Rule 3.850 post-conviction court denied on procedural grounds. (Dkt. 1; Dkt. 13, Ex. 9 at 6-9.) Without more, Petitioner's claims are procedurally barred.

**PETITIONER CAN NOT DEMONSTRATE CAUSE AND PREJUDICE OR ACTUAL INNOCENCE TO OVERCOME THE PROCEDURAL DEFAULT**

In Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986)), the Supreme Court recognized that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or

that he is 'actually innocent.'" Since both prongs of cause and prejudice must be shown, a lack of cause is grounds for denial. See Engle v. Isaac, 456 U.S. 107, 134 n.43 (concluding that where respondents lacked cause for their default, the court had no need to consider actual prejudice). Accordingly, the Court will consider whether the Petitioner can demonstrate cause and prejudice together or, alternatively, actual innocence in order to determine whether the Court may consider the merits of the petition.

In order to show cause for the default, the Eleventh Circuit held in Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004), the petitioner "must show that some objective factor external to the defense prevented [petitioner] or his counsel from raising his claims on direct appeal and that this factor can not be fairly attributable to [petitioner's] own conduct." In Petitioner's reply (Dkt. 15), Petitioner alleges that the "inconsistent statements" and insufficiency of the evidence arguments were not raised on direct appeal because "counsel had no knowledge of the new grounds raised." (Dkt. 15 at 2.)

There are two problems with this proposition. First, the assertion that counsel lacked knowledge is itself inconsistent with Petitioner's explanation in the instant petition as to why he did not raise the issue on direct appeal. (Dkt. 1 at 5.) In the petition, Petitioner claimed that he did not raise Grounds One or Two on direct appeal because "counsel refused when I wrote to counsel about it." (Dkt. 1 at 5, 7.) Second, either explanation for why the issue was not raised on direct appeal concerns factors *internal* to the defense and not *external* to that relationship as required by Lynn. 365 F.3d at 1234. Petitioner offers no other indication of what, if any, external impediment prevented raising these issues on direct appeal. (See Dkt.

13, Ex. 1, 3, 6-8, 12, 17, 18, 20.)

Despite Petitioner's choice not to present the ineffectiveness argument in the instant petition and his desire, expressed in his reply brief to the Second District Court of Appeal on appeal from the post-conviction court's denial of grounds 8(a) and (b) (Dkt. 13, Ex. 20), to present an "inconsistent statements" argument to the exclusion of an ineffectiveness of counsel argument, ineffectiveness is the only plausible claim that implicates constitutional concerns and would provide Petitioner cause for procedural default. In the interest of fairness to pro se petitioners, the Court considers the Eleventh Circuit's principle from Gunn v. Newsome, 881 F.2d 949, 961 (11th Cir. 1989) (citing Mays v. Balkcom, 631 F.2d 48, 51 (5th Cir. 1980)) that "courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." Accordingly, the Court will consider whether counsel's actions created cause. Ineffectiveness claims are appropriately evaluated according to the Supreme Court's standard from Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, the Petitioner must show that counsel's performance fell below an objective standard of reasonable professional assistance and that the Petitioner was prejudiced by the deficient performance. Id. at 687-88. The Petitioner must bear the burden of proving that counsel's performance was unreasonable. Id. at 688; see also Chandler v. United States, 218 F.3d 1305, 1313-14 (11th Cir. 2000) (restating the proposition that the burden of persuasion rests with a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable). Furthermore, the Petitioner must identify specific errors in order to overcome the strong presumption that counsel "rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. Finally, it is important to note that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697.

In this case, the inconsistent statements were found in materials that Petitioner's counsel did not have the opportunity either to discover or to use in preparing for trial. (Dkt. 13, Ex. 16 at 4-8.) Morever, counsel's decision to not bring out the inconsistent statements on cross examination was objectively reasonable; the testimony sought to be elicited was potentially damaging to Petitioner's defense. Id. at 12-14. Finally, the Court is persuaded by the reasoning found in the post-conviction court's order denying Petitioner's 3.850 motion:

> The Court finds based on [Petitioner's] insistence to proceed to trial even after being advised it was against counsel's advice and knowing that counsel was unprepared, [Petitioner] is now precluded from using such decision to pursue the alleged ineffective assistance of counsel claim.

(Dkt. 13, Ex. 16 at 14.) Counsel's efforts were reasonable given Petitioner's decisions regarding trial strategy. See Strickland, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

According to the Eleventh Circuit's holding in Jimenez v. Florida Dep't of Corr., 481 F.3d 1337, 1344 (11th Cir. 2007) (quoting Coleman v. Thompson, 501 U.S. 722, 752 (1991)), "[a] defendant can not base his cause and prejudice for procedural default on his attorney's performance unless the attorney's performance was 'constitutionally ineffective.'"

In his reply to the State's response, Petitioner emphasized his "right to file a motion for speedy trial," and noted that he "exercised that right by doing so." (Dkt. 15 at 4.) The Court agrees that it was Petitioner's right to move for a speedy trial. Petitioner chose to exercise that right and now, Petitioner must cope with the consequences that flowed from his choice. Petitioner's counsel was not constitutionally ineffective. Furthermore, no other cause has been presented to excuse the default.

Even assuming that Petitioner could show cause for his default, Petitioner must still show actual prejudice. In <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982), the Supreme Court held that in order to show actual prejudice, a Petitioner must "shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Keeping in mind that since <u>Dowling v. United States</u>, 493 U.S. 342, 352 (1990), the Supreme Court has "defined the category of infractions that violate fundamental fairness very narrowly," the Court is hard-pressed to find that the errors perceived by Petitioner at trial, appeal, or post-conviction proceedings rise to the level of federal constitutional concerns. In sum, Petitioner cannot demonstrate cause or prejudice to avoid procedural default.

However, Petitioner's statements indicate an intent to assert his actual innocence. (Dkt. 15 at 3.) A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such a review is necessary to prevent a fundamental miscarriage of justice. See <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000).

This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d at 892 (citing Murray v. Carrier, 477 U.S. 495-96 (1985)). The Eleventh Circuit recognized that the "exception is extremely narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

To meet the standard for actual innocence, a petitioner must show that, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. Johnson, 256 F.3d at 1171 (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995); accord Bousley v. United States, 523 U.S. 614, 623 (1998). The Supreme Court in Schlup further explored the actual innocence exception, explaining:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup 513 U.S. at 324.

However, in this case, Petitioner can present no new evidence that has not been weighed by the state courts. Respondent correctly points out that Petitioner's post-conviction counsel filed a second amended motion for post-conviction relief (Dkt. 13, Ex. 12), that the post-conviction court ordered an evidentiary hearing on the newly discovered evidence (Dkt. 13, Ex. 13), and that the court denied relief based on Petitioner's failure to present sufficient

evidence to support his claim of innocence (Dkt. 13, Ex. 16). Without new evidence to present, Petitioner cannot make a credible claim of actual innocence.

Therefore, Petitioner's Grounds One and Two must be dismissed as procedurally barred from consideration by the Court.

## **NOT COGNIZABLE**

Even if Petitioner could overcome the procedural default, his claims would not be reviewable in federal court. 28 U.S.C. § 2254(a) reads, in pertinent part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Neither Ground One, inconsistent statements, nor Ground Two, insufficiency of the evidence, is sufficient to state a claim for federal habeas corpus relief. A federal habeas court does not ordinarily review the evidentiary judgments of state courts. See Estelle v. McGuire, 502 U.S. 62, 72 (1991). As the Eleventh Circuit held in Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983), a perceived defect in the trial "raises an issue of constitutional dimension only if it renders the entire trial unfair." Nothing in this case indicates such constitutional unfairness.

In addition, the denial of Petitioner's Rule 3.850 claims regarding insufficiency of the evidence is a ruling based on state, not federal, law. The court in Callahan v. Campbell, 427 F.3d 897, 932 (11th Cir. 2005) (quoting Herring v. Sec'y Dep't of Corr., 397 F.3d 1338, 1354-55 (11th Cir. 2005)) recognized that "it is a fundamental principle that state courts are

the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." The 13th Circuit tried Petitioner and the Second District Court of Appeal reviewed his appeal. This Court will not disturb the finality of their rulings on state law issues. Thus, Petitioner's allegations are facially insufficient to state a claim for federal habeas relief.

## **MERITS**

Even if Petitioner's claims were sufficiently pled, the petition would fail on the merits. Holman's federal petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter referred to as "AEDPA"), effective April 24, 1996. As the Supreme Court noted in Williams v. Taylor, 529 U.S. 362, 412 (2000), AEDPA "places a new constraint on a federal habeas court's power to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Under 28 U.S.C. § 2254(d), as amended by AEDPA, a federal court may not grant habeas relief with respect to a claim adjudicated on the merits in state court unless the adjudication of the case resulted in a decision that:

> (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or
>
> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1254 (11th Cir. 2002), the Eleventh Circuit explained that "all that is required is a rejection of the claims on the merits, not an explanation." In the instant case, the Court notes that the post-conviction court considered all of the grounds presented by Petitioner in his successive 3.850 motions (Dkt. 13, Ex. 9 at 6-9) and held an evidentiary hearing on two of the grounds presented (Dkt. 13, Ex. 14) before denying the motion (Dkt. 13, Ex. 16). Then, the Second District Court of Appeal affirmed. (Dkt. 13, Ex. 21.) Thus, the state court consideration of the grounds presented by Petitioner is sufficient to trigger the stricter standard of federal habeas corpus review created by § 2254(d). See Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001) (holding that when a state court first considered the claims raised by a Petitioner, § 2254(d) governs review of those claims).

The "contrary" or "unreasonable" standard sets a high bar for petitioners. In Bell v. Cone, 543 U.S. 447, 455 (2005), the Supreme Court considered that "§ 2254(d) dictates a highly deferential standard for evaluating state court rulings, which demands that state court decisions be given the benefit of the doubt." (Internal quotation marks and citation omitted) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)). In this case, Petitioner's conviction, sentencing, appeal, and denial of post-conviction relief were objectively reasonable and entitled to deference under the AEDPA. Moreover, the state court rulings were neither contrary to, nor an unreasonable application of, clearly established federal law. Last, the conviction and sentence are not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Thus, even if the petition were not dismissed as procedurally barred, Petitioner fails to satisfy the § 2254(d) standard and cannot overcome the deference for state court decisions in order to receive habeas relief from this Court.

## CONCLUSION

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED as procedurally barred.

2. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on January 15, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2009\09-cv-2041.deny 2254.frm*